UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOFFREY L. CLARK and<br>EDGEWOOD PARTNERS<br>INSURANCE CENTER,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRUIST BANK, formerly known as<br>BRANCH BANKING & TRUST CO.,<br><br>*Defendant*.<br><br>MCGRIFF INSURANCE SERVICES,<br>INC.<br><br>*Intervenor*. | § § § § § § § § § § § § § § § § § | Civil Action No. 3:19-CV-00589-X |

## MEMORANDUM OPINION AND ORDER

This case arises from an employment contract dispute. After several changes to the scheduling timeline of this case, McGriff Insurance Services. Inc. filed a motion to Extend Expert Deadlines [Doc No. 112]. Edgewood Partners Insurance Center later filed a Motion for a Protective Order [Doc. No. 117] related to the noticed Rule 30(b)(6) deposition of its representative. For the reasons below, the Court **DENIES** the motion to extend expert deadlines and **DENIES** the motion for a protective order.

1

## I. Legal Standards

### A. Extension of Deadlines

Federal Rule of Civil Procedure 16(d)(4) allows modification of deadlines for good cause and with the judge's consent.[1] Further, Rule 15(a)(2) counsels that "[t]he court should freely give leave when justice so requires."[2]

### B. Protective Order

A party seeking a Rule 26(c) protective order prohibiting deposition testimony must establish good cause and a specific need for protection.[3] "Good cause" exists when justice requires the protection of "a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[4] The burden is upon the movant to prove the necessity of a protective order, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[5] If both requirements are proven, the Court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense."[6] In deciding whether to grant a motion for a protective order, the court has significant discretion.[7]

---

[1] FED. R. CIV. P. 16(d)(4).

[2] FED. R. CIV. P. 15(a)(2).

[3] *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990).

[4] *Id.* (quoting Fed. R. Civ. P. 26(c)).

[5] *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978) (citations omitted).

[6] FED R. CIV. P. 26(c).

[7] *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

## III. Analysis

### A. Expert Deadlines

The scheduling of this case has been plagued by nothing less than a global pandemic, personal emergencies of counsel, and a state-wide natural disaster. On six different occasions, the Court modified deadlines in this case. The Court warned the parties that future modifications were disfavored[8] and has previously admonished a party for seeking extension of a deadline after it already lapsed.[9] Nevertheless, McGriff requested an extension of all expert disclosure deadlines 26 days after the deadline itself lapsed.[10]

After carefully reviewing the briefings and arguments of the parties, the Court determines that McGriff did not show good cause for extending the expert disclosure deadlines, and justice does not require extension. Accordingly, the Court **DENIES** the motion to extend expert deadlines.

### B. 30(b)(6) Deposition

Due to extraneous circumstances, the parties agreed to conduct the 30(b)(6) deposition of Edgewood's representative after the fact discovery deadlines. Before the deposition date, and after the fact discovery deadline, McGriff served an amended notice of deposition that added four new topics not previously listed on the initial notice. Edgewood then filed this motion for protective order, asking the Court to exclude the new topics from the 30(b)(6) deposition.

---

[8] Doc. No. 109 at 3.

[9] Doc. No. 83 at 2.

[10] *Compare* Doc. No. 112 *with* Doc. No. at 120 at 1.

After carefully reviewing the briefings and arguments of the parties, the Court determines that Edgewood did not show good cause for the Court to issue a protective order.[11] Accordingly, the Court **DENIES** the motion for a protective order. The parties may conduct the 30(b)(6) deposition of Edgewood's representative as noticed.

## IV. Conclusion

The Court **DENIES** the motion to extend expert deadlines and **DENIES** the motion for a protective order.

**IT IS SO ORDERED** this 26th day of May, 2021.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[11] Edgewood did not provide any legal authority demonstrating a protective order is necessary under these circumstances. Edgewood accused McGriff of altering the deposition topics as an alternative means of discovering information at issue in McGriff's motion to compel, which was pending at the time. Since then, the Magistrate Judge granted in part that motion to compel and ordered Edgewood to produce documents. *See* Doc. No. 126 at 2. Therefore, this rationale for the protective order is moot.